UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SUSHIL HUMAGAIN and SHIBA PANDEY,<br><br>                                            Plaintiffs,<br><br>- against –<br><br>VILLAGE POP NYC INC., and IFTIKHAR AHMAD, and/or any other entities affiliated with or controlled by VILLAGE POP NYC INC. and IFTIKHAR AHMAD<br><br>                                            Defendants. | **COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>Docket No: 16-cv-6816 |

Plaintiffs SUSHIL HUMAGAIN and SHIBA PANDEY (collectively "Plaintiffs") by their attorneys, Virginia & Ambinder, LLP, allege as follows:

### NATURE OF ACTION

1.     This action is brought pursuant to the Fair Labor Standards (herein after referred to as "FLSA"), 29 U.S.C. §§ 206, 207, 216(b) and New York Labor Law ("NYLL") Article 19 § 663; NYLL Article 6 §§ 190, et seq.; and 12 New York Codes, Rules, and Regulations ("NYCRR") §§ 142-2.1, 142-2.2, 142-2.4 to recover unpaid minimum, overtime, and spread of hours compensation owed to Plaintiffs for work they performed for VILLAGE POP NYC INC. ("Village Pop" or "VP") and IFTIKHAR AHMAD and/or any other entities affiliated with or controlled by VILLAGE POP NYC INC. and IFTIKHAR AHMAD (hereinafter collectively as "Defendants").

2.     Plaintiffs have initiated this action seeking compensation of earned but unpaid compensation, specifically unpaid minimum wage, overtime, spread of hours compensation, and statutory damages pursuant to NYLL § 195 and 198, plus interest, liquidated damages, attorney's fees, and costs.

1

## JURISDICTION

3.  This Court has original jurisdiction over this action pursuant to the Fair Labor Standards Act, 29 USC § 216(b) and 28 U.S.C. §§ 1331. This court has supplemental jurisdiction over all New York State Law claims pursuant to 28 U.S.C. § 1367.

## VENUE

4.  Venue is appropriate in this Court under 28 U.S.C. § 1391(b) as this action is brought in a judicial district in which a substantial part of the events occurred and where the corporate defendant is located.

## THE PARTIES

5.  Plaintiffs are individuals residing in the State of New York who performed labor as a general store and counter clerks for the Defendants.

6.  Upon information and belief, Defendant VILLAGE POP NYC, INC. is a corporation incorporated under the laws of the State of New York, with its principal location at 311 Avenue of the Americas, New York, New York 10014

7.  Upon information and belief, Defendant IFTIKHAR AHMAD is a resident of New Jersey and resides at 10 Miller Street, Jersey City, New Jersey 07304 and at all relevant times, is an owner, principal shareholder and/or director of Defendants VILLAGE POP NYC, INC.

8.  Upon information and belief, IFTIKHAR AHMAD was an officer, director, and/or owner of VILLAGE POP NYC, INC. and (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment for employees and (4) maintained employment records.

9.      Upon information and belief, IFTIKHAR AHMAD, as the owner, officer, and/or director of VILLAGE POP NYC, INC., dominated the day-to-day operating decisions and made major personnel decisions.

10.     Upon information and belief, IFTIKHAR AHMAD had complete control of the alleged activities of VILLAGE POP NYC, INC., which give rise to the claims brought herein.

## FACTS

11.     Starting in approximately February 2014, Defendants employed SUSHIL HUMAGAIN to perform work as a store clerk for Defendants' tattoo parlors.

12.     Starting in approximately December 2012, Defendants employed SHIBA PANDEY to perform work as a store clerk for Defendants' tattoo parlors.

13.     During Plaintiffs' employment with Defendants, Plaintiffs both typically worked 12 hours per day, six days per week.

14.     Plaintiffs both typically worked approximately from 3:00 p.m. until 3:00 a.m. on weekdays and approximately from 5:00 p.m. until 5:00 a.m. on weekends.

15.     While working for Defendants, Plaintiffs did not receive any overtime wages, at the rate of one and one half times the regular rate of pay, for the time Plaintiffs worked after the first forty (40) hours in any given week.

16.     While working for Defendants, Plaintiffs did not receive any spread of hour wages, at the rate of one extra hour pay at the minimum wage rate for days in which Plaintiffs worked in excess of ten (10) hours a day.

17.     Plaintiffs were regularly required to perform work for Defendants while being compensated below the minimum wage rate as required by applicable federal and state laws.

18. During his employment with Defendants, SUSHIL HUMAGAIN was paid at a rate of approximately $400.00 to $500.00 for 72 hours of work or approximately $5.56 to $6.95 per hour.

19. During his employment with Defendants, SHIBA PANDEY was paid at a rate of approximately $400.00 to $500.00 for 72 hours of work or approximately $5.56 to $6.95 per hour.

20. Plaintiffs did not receive any notification at the time they were hired or anytime thereafter identifying their wage rate and method of payment as is required by Section 195(1) of the New York Labor Law.

21. Plaintiffs also did not receive wage statements at the time they were paid that reflected information, such as, Plaintiffs' hourly rate of pay, overtime rate of pay, or hours worked.

22. Under 29 U.S.C. § 201, et seq., and the cases interpreting same, the Defendants constitute an "enterprise engaged in commerce."

23. Defendants' gross yearly revenues are in excess of $500,000.00.

24. Defendant IFTIKHAR AHMAD had the power to hire and fire Plaintiffs, and to set Plaintiffs' wages and the methods of payment of their wages. Defendant AHMAD constitutes an "employer" within the meaning of the NYLL and the FLSA.

25. Upon information and belief, Defendants willfully disregarded and purposefully evaded the record keeping requirements under New York and Federal labor laws by failing to maintain proper and complete records of the hours worked by Plaintiffs.

**FIRST CAUSE OF ACTION
AGAINST THE DEFENDANT
<u>FLSA OVERTIME COMPENSATION</u>**

26. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.


27. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of their employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for their employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

28. Pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency, but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization."

29. VILLAGE POP NYC, INC. and IFTIKHAR AHMAD are "employers" within the meaning contemplated in the FLSA, 29 U.S.C. § 203, and, consequently, are liable for violations of FLSA.

30. Upon information and belief, Defendants failed to pay Plaintiffs earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty hours in any given week.

31. The failure of Defendants to pay Plaintiffs their rightfully owed wages and overtime compensation was willful.

32. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, plus interest, liquidated damages, attorney's fees, costs and any other damages permitted under the FLSA.

## SECOND CAUSE OF ACTION
## AGAINST DEFENDANTS
## <u>NEW YORK OVERTIME COMPENSATION</u>

33. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

34. 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate."

35. Pursuant to NYLL § 190(3) an "employer" means "any person, corporation, limited liability company, or association employing any individual in any occupation, industry, trade, business or service" not including a governmental agency.

36. VILLAGE POP NYC, INC. and IFTIKHAR AHMAD are "employers" within the meaning contemplated by 12 NYCRR § 142-2.2 and the NYLL, and, consequently, are liable for violations of NYCRR and the NYLL.

37. Defendants failed to pay Plaintiffs earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time Plaintiffs worked after the first forty hours in any given week.

38. The failure of Defendants to pay Plaintiffs their rightfully owed wages and overtime compensation was willful.

39. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation and other wages in amounts to be determined at trial, plus interest, liquidated damages, attorney's fees, costs and any other damages permitted under the NYLL and 12 NYCRR 142-2.2.

## THIRD CAUSE OF ACTION
## AGAINST DEFENDANTS
## FLSA MINIMUM WAGE COMPENSATION

40. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

41. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: … (A) $ 5.85 an hour, beginning on the 60th day after the date of enactment of the Fair Minimum Wage Act of 2007 [enacted May 25, 2007]; (B) $ 6.55 an hour, beginning 12 months after that 60th day; and (C) $ 7.25 an hour, beginning 24 months after that 60th day…"

42. Pursuant to 29 U.S.C. § 203(e), an "employee" is "any individual employed by an employer."

43. Further, pursuant to 29 U.S.C. § 203(g) "employ" means "to suffer or permit work."

44. SUSHIL HUMAGAIN was an "employee" within the meaning contemplated by FLSA, 29 U.S.C. § 203.

45. SHIBA PANDEY was an "employee" within the meaning contemplated by FLSA, 29 U.S.C. § 203.

46. Defendants failed to pay Plaintiffs at the applicable federal minimum wage rates at all relevant times to this litigation.

47. The failure of Defendants to pay Plaintiffs their rightfully owed wages at the applicable minimum wage rate was willful.

48. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of minimum wage compensation and other wages in amounts to be determined at trial, plus interest, liquidated damages, attorney's fees, costs and any other damages permitted under the FLSA.

**FOURTH CAUSE OF ACTION
AGAINST DEFENDANTS
<u>NEW YORK MINIMUM WAGE COMPENSATION</u>**

49. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

50. Pursuant to NYLL § 652(1) and 12 NYCRR § 142-2.1(a), "Every employer shall pay to each of its employees for each hour worked a wage of not less than: … $7.15 on and after January 1, 2007, $8.00 on and after December 31, 2013, $8.75 on and after December 31, 2014, $9.00 on and after December 31, 2015, and until December 31, 2016…"

51. Pursuant to NYLL § 651(5), an "employee" is "any individual employed or permitted to work by an employer in any occupation…"

52. Pursuant to 12 NYCRR 142-2.14(a) an "employee" is "any individual employed, suffered or permitted to work by an employer."

53. SUSHIL HUMAGAIN was an "employee" within the meaning contemplated by the NYLL § 651 and NYCRR.

54. SHIBA PANDEY was an "employee" within the meaning contemplated by the NYLL § 651 and NYCRR.

55. Upon information and belief, Defendants failed to pay Plaintiffs at the applicable state minimum wage rates of $7.15 per hour, $8.00 per hour, $8.75 per hour, or $9.00 per hour, during the relevant time periods.

56. The failure of Defendants to pay Plaintiffs their rightfully owed wages at the applicable minimum wage rate was willful.

57. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of minimum wage compensation and other wages in amounts to be determined at trial, plus interest, liquidated damages, attorney's fees, costs and any other damages permitted under the NYLL.

### FIFTH CAUSE OF ACTION
### AGAINST DEFENDANTS
### NEW YORK SPREAD OF HOURS COMPENSATION

58. Plaintiffs repeat and re-allege the allegations set forth in preceding paragraphs.

59. Title 12 NYCRR § 142-2.4 requires that "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage required in this Part for any day in which . . . the spread of hours exceeds 10 hours."

60. Plaintiffs regularly worked 12 hour per day.

61. When Plaintiffs worked more than ten (10) hours in a day, Plaintiffs were not compensated an additional hour's pay at the minimum wage rate.

62. The failure of Defendants to pay Plaintiffs their spread of hours compensation under the NYLL and NYCRR was willful.

63. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of spread of hours compensation and other wages in amounts to be determined at trial, plus interest, liquidated damages, attorney's fees, costs and any other damages permitted under the NYLL and 12 NYCRR § 142-2.4.

### SIXTH CAUSE OF ACTION
### AGAINST DEFENDANTS
### NEW YORK § 195(1) WAGE NOTICE VIOLATION

64. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

65. Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay

and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; . . . the regular pay day designated by the employer . . .; [and] the name of the employer . . . . For all employees who are not exempt from overtime compensation . . ., the notice must sate the regular hourly rate and overtime rate of pay."

66. Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $250 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

67. At the time of hire, Defendants did not provide Plaintiffs with a wage notification informing Plaintiffs of, among other things, (1) their regular rates of pay, (2) their overtime rates of pay, (3) the basis of their rates of pay (e.g., whether they were hourly employees), or (4) the regular pay day designated by Defendants.

68. Defendants violated NYLL § 195(1) by failing to provide Plaintiffs with wage notifications containing the information required by NYLL § 195, *et seq.*

69. The failure of Defendants to provide Plaintiffs with wage notifications in violation of NYLL § 195 was willful.

70. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of the appropriate wage notice, and Defendants liable to Plaintiffs in the statutory amounts, plus attorney's fees, costs and any other damages permitted under the NYLL.

### SEVENTH CAUSE OF ACTION
### AGAINST DEFENDANTS
### NEW YORK § 195(3) WAGE STATEMENT VIOLATION

71. Plaintiffs repeat and re-allege the allegations set forth in the preceding paragraphs.

72. Pursuant to Section 195(3) of the New York Labor Law, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other

things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

73. Pursuant to Section 198-1(d) of the New York Labor Law, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

74. Plaintiffs did not receive any wage statements from the Defendants.

75. Defendants violated NYLL § 195(3) by failing to provide Plaintiffs with wage statements containing the information required by NYLL § 195(3).

76. The failure of Defendants to provide Plaintiffs with wage statements in violation of NYLL § 195 was willful and repeated.

77. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of the appropriate wage statements, and Defendants are liable to Plaintiffs in the statutory amounts, plus attorney's fees, costs and any other damages permitted under the NYLL.

**WHEREFORE**, Plaintiffs demand judgment:

1. on their first cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorney's fees and costs;

2. on their second cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorney's fees and costs;

    3.    on their third cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorney's fees and costs;

    4.    on their fourth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorney's fees and costs;

    5.    on their fifth cause of action against Defendants, in an amount to be determined at trial, plus liquidated damages, interest, attorney's fees and costs;

    6.    on their sixth cause of action against Defendants, Plaintiffs seek $5,000.00 each plus , attorney's fees and costs;

    7.    on their seventh cause of action against Defendants, Plaintiffs seek $5,000.00 each plus , attorney's fees and costs; and

    8.    any other and further relief the Court may deem just and proper.

Dated: New York, New York
       August 30, 2016

                      VIRGINIA & AMBINDER, LLP

              By:  /s/ Lloyd Ambinder
                    Lloyd Ambinder, Esq.
                    Jack L. Newhouse, Esq.
                    Virginia & Ambinder, LLP
                    40 Broad Street, 7th Floor
                    New York, New York 10004
                    (212) 943-9080
                    *Attorneys for the Plaintiffs*